# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

DANIEL PINKNEY,  :

    Petitioner  :

        CIVIL ACTION NO. 3:15-2093

   v.  :

        (Judge Mannion)

ROBERT GILMORE,  :

    Respondent  :

## MEMORANDUM

Petitioner, Daniel Pinkney, filed the instant petition for writ of habeas corpus pursuant to to 28 U.S.C. §2254. He attacks a conviction imposed by the Court of Common Pleas for Luzerne County, Pennsylvania. (Doc. 1). Following careful consideration of the parties' submissions, and for the reasons discussed below, the Court will dismiss the petition as untimely, pursuant to to 28 U.S.C. §2244(d).

## I. Background

On November 20, 2009, a jury convicted Pinkney of two counts of aggravated assault, three counts of robbery, one count of burglary and one count of criminal conspiracy. (Doc. 23-3 at 1).

On December 23, 2009, the trial court sentenced Pinkney to an

aggregate term of 195 to 390 months' incarceration. (Doc. 23-3 at 3).

On January 19, 2010, Petitioner filed a timely appeal to the Pennsylvania Superior Court. (Doc. 23-3 at 18). By Memorandum Opinion dated November 8, 2010, the Pennsylvania Superior Court affirmed Pinkney's judgment of sentence. (Doc. 23-3 at 62).

On August 30, 2011, the Pennsylvania Supreme Court denied Pinkney's petition for allowance of appeal. (Doc. 23-3 at 80).

On October 3, 2011, Pinkney filed a petition under Pennsylvania's Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541, et seq. ("PCRA"). (Doc. 23-3 at 68). The PCRA court held a hearing on September 17, 2012, (Doc. 23-4 at 1), and denied Pinkney's request for relief on December 18, 2013. (Doc. 23-4 at 9). On January 16, 2013, Petitioner filed a timely appeal to the Pennsylvania Superior Court. (Doc. 23-4 at 11).

By Memorandum Opinion dated March 25, 2014, the Pennsylvania Superior Court affirmed the PCRA court's denial of Pinkney's PCRA petition. (Doc. 23-4 at 79).

In an Order dated October 1, 2014, the Pennsylvania Supreme Court denied Pinkney's petition for allowance of appeal. (Doc. 23-4 at 85).

On October 30, 2015, Petitioner filed the instant petition for writ of habeas

corpus in which he raises the following grounds for relief. (Doc. 1).

On November 2, 2015, Pinkney filed a petition for writ of habeas corpus in the Luzerne County Court of Common Pleas. (Doc. 23-4 at 86). He argued that his mandatory minimum sentence violated "the Equal Protection, Due Process or Cruel Punishment Clauses" and that it could not stand under an unconstitutional statute. Id.

By Order dated November 4, 2015, the above captioned federal habeas corpus action was stayed pending the outcome of his state habeas corpus petition. (Doc. 5).

On August 12, 2016, Petitioner filed a second PCRA petition. (Doc. 23-5 at 5). Counsel was appointed, and on December 23, 2016 counsel filed a Finley/Turner letter arguing that Petitioner's PCRA petition was untimely and should be dismissed for lack of jurisdiction. (Doc. 23-5 at 11).

By Order dated January 27, 2017, the PCRA Court dismissed Pinkney's second PCRA petition as untimely and denied Petitioner's state habeas corpus petition, indicating that a PCRA is the sole remedy to obtain collateral relief. (Doc. 23-5 at 28). Petitioner filed a timely appeal on January 30, 2017. (Doc. 23-5 at 35).

In a Memorandum Opinion dated September 21, 2017, the Pennsylvania

Superior Court affirmed the PCRA Court's dismissal of Pinkney's second PCRA petition. (Doc. 23-5 at 60). There is no indication in the record that Petitioner filed a petition for allowance of appeal to the Pennsylvania Supreme Court.

On October 26, 2017, Petitioner notified the Court of the exhaustion of his state claims, and on December 28, 2017, filed a motion for leave to file an amended petition. (Docs. 6, 8).

By Order dated April 18, 2018, the above captioned action was reopened. (Doc. 9).

In accordance with United States v. Miller, 197 F.3d 644 (3d Cir. 1999) and Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), the Court issued formal notice to Pinkney that he could either have the petition ruled on as filed, that is, as a §2254 petition for writ of habeas corpus and heard as such, but lose his ability to file a second or successive petition, absent certification by the court of appeal, or withdraw his petition and file one all-inclusive §2254 petition within the one-year statutory period prescribed by the Antiterrorism Effective Death Penalty Act ("AEDPA"). (Doc. 10).

On December 12, 2018, upon consideration of Petitioner's failure to to file an amended petition in accordance with this Court's April 18, 2018, and Petitioner's failure to return this Court's Notice of Election, this Court issued an

Order to show cause, directing a response be filed to the petition. (Doc. 12).

On February 27, 2019, Respondents filed a response, arguing that the petition should be dismissed as untimely. (Doc. 23). A traverse was filed on April 1, 2019. (Doc. 26).

II. **Discussion**

A state prisoner requesting habeas corpus relief pursuant to 28 U.S.C. §2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (d)(1) A one-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of - (A) the date on which the judgment became final by the conclusion of direct review or the expiration for seeking such review . . .
>
> (d)(2) The time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §2244(d)(1)-(2); see generally, Jones v. Morton, 195 F.3d. 153, 157 (3d Cir. 1999). Thus, under the plain terms of §2244(d)(1)(A), the period of time for filing a habeas corpus petition begins to run when direct review processes

are concluded. See Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000). ("[T]he AEDPA provides that upon conclusion of direct review of a judgment of conviction, the one year period within which to file a federal habeas corpus petition commences, but the running of the period is suspended for the period when state post-conviction proceedings are *pending* in any state court.")(emphasis in original); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998)(*per curiam*); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998). It is not the conclusion of state post-conviction collateral review processes that starts the running of the limitations period. See Bunnell v. Yukins, No. 00-CV-73313, 2001 WL 278259, *2 (E.D. Mich. Feb 14, 2001)("Contrary to Petitioner's assertion, the limitations period did not begin to run anew after the completion of his post-conviction proceedings.").

As indicated above, section 2244(d)(2) operates to exclude only the time within which a "properly filed application" for post conviction relief is pending in state court. Thus, when a petition or appeal has concluded and is no longer pending, the one (1) year statute of limitations starts to run and the time is counted. A "properly filed application" for post conviction relief under §2244(d)(2) is one submitted according to the state's procedural requirements, such as rules governing time and place of filing. Lovasz v. Vaughn, 134 F.3d

146, 148 (3d Cir. 1998). The Third Circuit Court of Appeals has defined "pending" as the time during which a petitioner may seek discretionary state court review, whether or not such review is sought. Swartz v. Meyers, 204 F.3d 417 (3d Cir. 2000). "Pending," however, does not include the period during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition. Stokes v. District Attorney of the County of Philadelphia, No. 99-1493, 2001 WL 387516, at *2 (3d Cir., April 17, 2001). Likewise, the statute of limitations is not tolled under §2244(d)(2) for the time during which a habeas petition is pending in federal court. Jones, 195 F.3d at 158.

The AEDPA statute of limitations also may be subject to equitable tolling. The Third Circuit has held that the federal habeas statute of limitations is subject to equitable tolling only in extraordinary circumstances. See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003). In Merritt, the Court of Appeals set forth two general requirements for equitable tolling: "(1) that the petitioner has in some extraordinary way been prevented from asserting his or her rights; and (2) that the petitioner has shown that he or she exercised reasonable diligence in investigating and bringing the claim." Id. (internal citations and quotations omitted).

7

### A. Statutory Tolling

The Pennsylvania Supreme Court denied allocatur on Petitioner's direct appeal on August 30, 2011. Thus, his conviction became final on November 28, 2011, after 90-days had passed in which he could have petitioned the United States Supreme Court for a writ of certiorari. See Almazan v. Commonwealth of PA, 80 F.Supp.3d 602, 605 (E.D.Pa. 2015) (citing Kapral v. United States, 166 F.3d 565 (3d Cir. 1999)). The clock for filing a federal habeas petition began running on November 28, 2011, and petitioner then had one year, or until November 28, 2012, to file a timely habeas corpus petition. Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998).

Pursuant to 28 U.S.C. §2244(d)(2), when Pinkney filed his PCRA petition on October 3, 2011, prior to the expiration of his ninety days within which to file a petition for writ of certiorari, the AEDPA's filing period was statutorily tolled. On October 1, 2014, the Pennsylvania Supreme Court denied Pinkney's petition for allowance of appeal the affirmance of his PCRA denial, and the federal habeas clock began to run. Petitioner had one (1) year, or until October 1, 2015, to file a federal habeas petition. The instant petition was not filed until

October 30, 2015,[1] twenty-nine days after the limitations period expired. Thus, the petition for habeas corpus relief is barred by the statute of limitations, and should be dismissed as untimely, unless the statute of limitations is subject to equitable tolling.

## B. Equitable Tolling

A habeas petitioner may also be entitled to equitable tolling of the AEDPA statute of limitations. See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003), cert. denied, 540 U.S. 921 (2003) (holding that AEDPA's time limit is subject to the doctrine of equitable tolling, a judicially crafted exception). However, the habeas petitioner bears the burden of demonstrating his entitlement to equitable tolling and his due diligence. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Cooper v. Price, 82 Fed. Appx. 258, 260 (3d Cir. 2003). Moreover, the federal habeas statute of limitations is subject to equitable tolling only in extraordinary circumstances. See Merritt, 326 F.3d at 161. Thus, while equitable tolling is permitted in state habeas petitions under AEDPA, it is not favored. "Courts must be sparing in their use of equitable tolling" and only permit equitable tolling where "principles of equity would make rigid application

---

[1] Even if the Court were to consider the date Pinkney signed the petition, October 21, 2015, the petition is still untimely by twenty days.

of a limitation period unfair." Sistrunk v. Rozum, 674 F.3d 181, 189 (3d Cir. 2012).

In Merritt, the Third Circuit Court of Appeals set forth two general requirements for equitable tolling: "(1) that the petitioner has in some extraordinary way been prevented from asserting his or her rights; and (2) that the petitioner has shown that he or she exercised reasonable diligence in investigating and bringing the claims." Merritt, 326 F.3d at 168 (internal citations and quotations omitted). Mere excusable neglect is not sufficient. Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 618–19 (3d Cir. 1998). The Court of Appeals has identified additional circumstances in which equitable tolling is warranted: (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, and (4) the claimant received inadequate notice of his right to file suit, a motion for appointment of counsel is pending, or where the court has misled the plaintiff into believing that he had done everything required of him. See Jones, 195 F.3d at 159).

The Supreme Court has recognized that an attorney's egregious error or neglect may constitute an extraordinary circumstance for equitable tolling

purposes. See Holland v. Florida, 560 U.S. 631 (2010). An "egregious error" includes instances where an attorney fails to file an appeal after an explicit request from the petitioner, "affirmatively deceives the petitioner about filing a direct appeal," or "persistently neglects the petitioner's case." Schlueter v. Varner, 384 F.3d 69, 76, 77 (3d Cir. 2004). Applying this exacting standard, the Third Circuit has repeatedly found that in non-capital cases, attorney error does not constitute the "extraordinary circumstances" necessary for equitable tolling. See, e.g., Schleuter, 384 F.3d at 76 (holding that "[g]enerally ... attorney error is not a sufficient basis for equitable tolling of the AEDPA's one-year period of limitation."); Johnson v. Hendricks, 314 F.3d 159, 163 (3d Cir. 2002) (holding that a petitioner's receipt of erroneous advice from counsel regarding the deadline for filing a federal habeas corpus petition did not warrant equitable tolling); Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001) (finding that "[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling."). Generally, an attorney's delinquency is chargeable to a client and is not a basis for equitable tolling. See Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 239 (3d Cir. 1999) (considering the timeliness of a complaint in a Title VII case).

11

Pinkney contends that he is entitled to equitable tolling of the statute of limitations due to the ineffective assistance of his court-appointed PCRA counsel. (Doc. 26). He further asserts that he exercised due diligence under the circumstances in pursuing his claims. Id.

A limitations period may be equitably tolled by a showing of ineffective assistance of counsel, but the petitioner must show that counsel was indeed ineffective, see United States v. Casiano, 216 Fed.Appx. 173, 175 (3d Cir. 2007) (deadline may be equitably tolled by a showing of ineffective assistance of counsel, but a record that counsel was not ineffective can negate the contention), and that the ineffectiveness was an extraordinary circumstance. As stated, ineffective assistance of counsel has not generally been considered an extraordinary circumstance where the ineffectiveness was due to counsel's negligence or mistake. See United States v. Martin, 408 F.3d 1089, 1093-94 (8th Cir. 2005); see also Johnson, 314 F.3d at 163.

Pinkney claims that his PCRA counsel did not promptly inform him when the Pennsylvania Supreme Court denied his petition for allowance of appeal on October 1, 2014. (Doc. 26 at 2). He states that he did not find out about the Supreme Court denial until September, 2015, "while look[ing] at the legal reference computer" in SCI-Green's Restricted Housing Unit" and "that it was

impossible for [him] to perfect his appeal until his release from the Restricted Housing Unit in late September, and then [he] had to be assigned library time and be able to retain a copy of the habeas corpus petition which being in prison it is not a very easy thing to do so." Id.

Based on the record, the Court finds that counsel's alleged failure to promptly notify Pinkney when the Pennsylvania Supreme Court denied his petition for allowance of appeal does not constitute an "egregious error[ ]" amounting to an extraordinary circumstance for equitable tolling purposes. See Holland, 560 U.S. at 651-52. There is no indication that counsel affirmatively misled Pinkney, missed any filing deadlines, or failed to inform Pinkney of crucial information. Consequently, equitable tolling is not justified with respect to the actions of counsel.

Moreover, even if it can be found that PCRA counsel's ineffectiveness constituted an extraordinary circumstance, Pinkney has failed to show that he was reasonably pursuing his rights diligently in attempting to file his federal petition after the extraordinary circumstances began. Petitioner had one year from October 1, 2014 to timely file a federal habeas corpus petition. He was aware that a petition for allowance of appeal had been filed in the Pennsylvania Supreme Court. He offers no explanation for failing to contact his PCRA

13

counsel to inquire as to the status of the pending appeal. Additionally, if he was reasonably confused about whether any state court filings were pending, he should have protectively filed his habeas petition in federal court to preserve his AEDPA limitations period and ask the court to stay and abey the habeas proceedings until any state court remedies he thought he had were exhausted. See Heleva v. Brooks, 581 F.3d 187 (3d Cir. 2009). As such, the Court finds that Pinkney has not alleged facts that demonstrate reasonable diligence in bringing his claims in a habeas petition. Thus, since Pinkney has not shown enough to satisfy the reasonable diligence prong of the equitable tolling test, his claims are not subject to equitable tolling. Sistrunk v. Rozum, 674 F.3d 181, 189 (3d Cir. 2012). Accordingly, the petition is time-barred and will be dismissed.

### III.  **Certificate of Appealability**.

When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, a certificate of appealability should issue only if (1) the petition states a valid claim for the denial of a constitutional right, and (2) reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). In this case, reasonable jurists could not disagree

that the instant petition is time-barred. It is statutorily barred, and neither statutory nor equitable tolling apply to the petition.

## IV. Conclusion

In light of the foregoing, the petition for writ of habeas corpus will be **DISMISSED** as untimely, and the case will be **CLOSED**. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATED: June 27, 2019**
15-2093-01